GILBERT v. KENNEDY,

## GILBERT vs. KENNEDY.

Where a declaration in trespass lays the trespass with a *continuendo* and the plaintiff gives evidence of a trespass prior to the time laid, he will be held to have elected; his time will not be permitted to go beyond the period in the *continuendo*.

A party will be allowed costs for witnesses in actual attendance, though not called to testify, if they were subpœnaed in good faith.

" Double costs" mean single costs and-one half added.

Error to Lenawee Circuit.

*Opinion by* CAMPBELL, C. J.—Kennedy sued Gilbert before a Justice, for trespass *quare clausum fregit*, and the suit was removed to the Circuit Court on plea of title. The declaration laid the trespass with a *continuendo*, on the 24th of June, 1868, and various other times prior to August 5, 1868, the date of the commencement of suit. A general question was asked, whether Gilbert put any cattle on the premises during the summer of 1868. This was objected to unless confined within the period named, but the objection was overruled and testimony given showing the putting of cattle on the premises in the end of April, the driving them off by Kennedy and their being put back again. A question was then asked, "How long did they remain there?" but objected to as not within the declaration. The objection was overruled and proof submitted of cattle put and found there in May, June and July, and their continuance. It was urged as error that having laid the trespass with a *continuendo*, the plaintiff should not prove any prior trespass, and then prove others either within or without the time, but must elect to prove one anterior or confine himself within the time alleged.

*Held*, that the rule has long been settled that under such a declaration the plaintiff must elect, and having proved a trespass before the period in the *continuendo*, must go no further. The rule is, that he is to be confined not merely to recovering damages for, but to proving no trespass but the one he elects.

In regard to the question of costs raised, the Court held that if witnesses are made to attend in good faith, and there is reasonable proof of their necessity, the fact that they are not called will not

prevent taxation for their attendance where the party had reason from the state of the pleadings to believe he required them.

*Held*, that " double costs" under the statute must be construed to mean single costs and an addition of one-half, when there is nothing to qualify the phrase. As they belong under the statute to the party, and not to the officers or witnesses, the statute is of a penal character and should receive no larger construction than it fairly requires.